No. 170400

*Municipal Court of the City of Boston*

**WESTERN MASSACHUSETTS THEATRES, INC., ET AL.**

**v.**

**LIBERTY MUTUAL INSURANCE COMPANY**

Argued: Nov. 10, 1967    Decided: Nov. 14, 1967

*Present:* Adlow, C.J. Shamon, Gorrasi, J.J.

*Adlow, C.J.* Action of contract to recover from the defendant insurer under the provision of a so-called "theft policy" for damages resulting from a break in one of its theatres. The defendant denied the plaintiff's claim and further alleged that the coverage provided by its policy did not extend to the plaintiff's particular loss.

The parties submitted on the agreed statement of facts which follows:

"On August 1, 1965, the defendant issued and delivered to the plaintiffs a policy of insurance numbered CH1-114-067554-07 generally entitled 'Crime Policy'. The policy ran from August 1, 1965, until August 1, 1968. A copy of the policy and the declarations thereto are attached hereto, made a part hereof, and marked Exhibit '1'.

"The plaintiffs on August 27, 1965, owned and operated the Falls Theatre, 25 Broadway, Chicopee Falls, Massachusetts. The policy except for coverages B and C, generally covers the Falls Theatre.

"On August 27, 1965, two juveniles of about 13 years of age entered the Falls

Theatre, while it was not open for business, by forcing a rear exit door, as evidenced by physical damage to the exterior of the premises at the place of entry. Once inside, they broke into a candy case and ice-cream freezer, taking some of the contents thereof. The theatre was found littered with candy and ice cream. They also slashed the picture screen which is affixed to the building.

"The charges incurred by the plaintiffs as a result of the damage are as follows:

| | | |
|---|---|---:|
| "1. | New screen | $675.25 |
| "2. | Installation of new screen | 165.00 |
| "3. | Repair of candy case | 29.50 |
| "4. | Installation of new hasp on ice cream freezer | 4.75 |
| "5. | Repair of panic bolt and bars on exit doors | 44.50 |

"6. Cost of candy taken:

| | | |
|---|---:|---:|
| 43 5¢ pieces @ .03 | 1.29 | |
| 31 10¢ pieces @ .055 | 1.71 | |
| 31 15¢ pieces @ .08 | 2.48 | |
| 26 12¢ ice cream @ .075 | 1.95 | |
| 48 15¢ ice cream @ .075 | 3.60 | |
| | | 11.03 |

"7. 6 hours extra clearning @ 1.30 per hour   7.80

TOTAL  $937.83

"All conditions for recovery under the said policy, such as notice and proof of loss have been complied with, and the premium paid thereon."

At the close of the trial and before the final arguments the defendant made the following requests for rulings:

"1. The defendant requests the court to enter a general finding for the defendant.

"2. The evidence does not warrant a finding for the plaintiff."

The court denied the defendant's requests for rulings and found the following facts:

"I find that there was a burglarious entry of the theatre. I further find that the articles damaged were part of the 'premises' as defined in the policy, and there was no exclusion clause in the policy excluding the articles damaged by the burglarious entry."

The court found for the plaintiff in the sum of $937.83.

The defendant now complains of the ruling of the court and by its finding for the plaintiff.

Whether or not the plaintiff was entitled to recover depends on the construction placed upon that clause in the policy in issue identified as Coverage D. This clause provides in part:

"Coverage D — Loss Within Premises
To pay for:

(1) loss of money and securities occurring within the premises or within any banking premises or similar recognized place of safe deposit caused by the actual destruction, disappearance or wrongful abstraction thereof; (2) loss of other property or damage thereto caused by robbery within the premises, or by safe burglary, or attempt thereat, and damage to a locked cash drawer, cash box or cash register caused by felonious entry into such container within the premises, or attempt thereat, or by felonious abstraction of such container from within the premises, and damage to the premises caused by robbery, by safe burglary or by or following burlarious entry into the premises, or attempt thereat;"

In construing these provisions it would be helpful to keep in mind that the insurer expressly excluded the provisions of Coverage B and Coverage C. These two clauses are thus expressed in the policy:

"Coverage B — Burglary of Merchandise Within Premises

To pay for:

(1) loss from within the premises of merchandise, furnishings, fixtures and equipment caused by burglary or by robbery of a watchman; (2) damage to the premises and to merchandise, furnishings, fixtures and equipment within the premises

caused by burglary, robbery of a watchman, or attempt thereat.

"Coverage C — Theft of Merchandise Within Premises

To pay for:

(1) loss from within the premises of merchandise, furnishings, fixtures and equipment caused by theft; (2) damage to the premises and to merchandise, furnishings, fixtures and equipment within the premises caused by theft or attempt thereat."

It is very apparent that there would be no question of the defendant's liability if the plaintiff had available to it the provisions of Coverage B or Coverage C. It is also important to keep in mind that if the plaintiff's loss comes within the scope of Coverage B and C, the agreement has expressly relieved the defendant from liability under it.

If the finding for the plaintiff is to be sustained it must derive from a distinction in the circumstances of this case from those provided for in Coverage B and C; and further from the fact that the loss in issue comes clearly within the benefits conferred by Coverage D.

Let us examine seriatim the different benefits provided by Coverage D. In subsection (1) the insurer agrees to pay for

"(1) loss of money and securities occurring within the premises or within any banking premises or similar recognized

place of safe deposit caused by the actual destruction, disappearance or wrongful abstraction thereof;"

The loss for which the plaintiff makes its claim clearly does not come within this provision. Nor does the provision in "(2)" which insures against:

"loss of other property or damage thereto caused by robbery within the premises,".

The acts of the malefactors responsible for all the damage did not constitute robbery, and this clause is of no help to the plaintiff. Subsection (2) also applies to loss by

"safe burglary or attempt thereat, and damage to a locked cash drawer, cash box or cash register caused by felonious entry into such container within the premises or attempt thereat, or by felonious abstraction of such container from within the premises and damage to the premises caused by robbery, by safe burglary or by or following burglarious entry into the premises or attempt thereat;"

A comparison of the provisions of Coverage B and C with those of D reveals a clearcut distinction in the undertaking of the defendant. In Coverage B and C it insures against any and all damage caused by any felonious invasion of the premises of the plaintiff. On the other hand, Coverage D insures only money and securities taken from the premises after a felon-

ious entry, loss or damage caused during a robbery, or loss caused by damage to locked cash drawer, cash box, cash register, or by carrying such containers away and for the damage consequent upon such abstraction of money from the premises of the plaintiff.

It is very apparent that no inconsistency is involved in the various forms of coverage provided by Coverage B, C, or D. It is also apparent that if Coverage B and C had not been excluded, the plaintiff would have been amply covered. In excluding the provisions of Coverage B and C the parties agreed to a more limited type of coverage; — a coverage that limited liability to the consequences of a felonious carrying away of money or valuables with the damage incidental thereto. Had the policy made no mention of Coverage B and C and provided only Coverage D we might well have pondered in construing the clause whether it embraced all the damage claimed by the plaintiff. But the parties have clearly expressed their intention by excluding the very situation in issue here. There are no ambiguities to give us concern. The parties have clearly indicated the scope of their undertaking, and have expressly stipulated the conditions to which it is not applicable. If we are to give effect to the agreement of the parties, we must conclude that the benefits of this policy are not available to the plaintiff under these circumstances.

Finding for the plaintiff vacated. Finding to be entered for the defendant.

ROBERT J. MULDOON, JR.
  of Boston for the Plaintiff
RALPH C. COPELAND
  for the defendant